HAIGHT BROWN & BONESTEEL LLP
Bethsaida C. Obra-White (Bar No. 239570)
  *BObra-White@hbblaw.com*
Yvette Davis (Bar No. 165777)
  *ydavis@hbblaw.com*
2050 Main Street, Suite 600
Irvine, California 92614
Telephone: (714) 426-4600
Facsimile: (714) 754-0826

Attorneys for Defendants BIG LOTS STORES, INC. and PNS STORES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. WELLONS, C. ARREDONDO, S. DAVIS, T. DEFOREEST, W. DUBA, S. HALL, G. KILGORE, N. LOPEZ, S. MEJIA, T. SELTZER, S. SHARMA, M. SIMS, J. SMITH, K. TOFT, C. TOLLIVER, M. VIRAMONTES, M. WALTERS, L. WARNER, D. WILLIAMS, and J. WRIGHT, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PNS STORES, INC., a California corporation,<br><br>Defendant. | Case No.  18cv2913-DMS-WVG<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1332(d)(2) (CAFA)**<br><br>Action Filed: January 19, 2018 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFFS S. WELLONS, C. ARREDONDO, S. DAVIS, T. DEFOREEST, W. DUBA, S. HALL, G. KILGORE, N. LOPEZ, S. MEIJA, T. SELTZER, S. SHARMA, M. SIMS, J. SMITH, K. TOFT, C. TOLLIVER, M. VIRAMONTES, M. WALTERS, L. WARNER, D. WILLIAMS, J. WRIGHT AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Big Lots Stores, Inc. and PNS Stores, Inc. ("Defendants") hereby remove the above-captioned action from the Superior Court of

the State of California, for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446

As required by 28 U.S.C. § 1446(d), Defendant will file in Superior Court and the State Court of Appeals, and serve upon Plaintiff and his counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached).

In support of this Notice of Removal, Defendants state the following:

**PROCEDURAL HISTORY**

1. Plaintiff filed his Complaint, captioned *S. Wellons, individually and on behalf of all others similarly situated, Plaintiff, v. Big Lots Stores, Inc.*, *an Ohio Corporation, and Does 1 through 100, Defendants*, Case No. 37-2018-00003535-CU-OE-CTL in the Superior Court of the State of California, County of San Diego (the "State Court Action") on January 19, 2018. A true and correct copy of the Complaint is attached as **Exhibit A** ("Plf. Compl.").

2. Plaintiff filed a First Amended Complaint in the State Court Action on January 23, 2018. This First Amended Complaint was captioned *S. Wellons, individually and on behalf of all others similarly situated, Plaintiff, v. PNS Stores, Inc., a California Corporation, and Does 1 through 100, Defendants.* This complaint was served on PNS Stores, Inc. on January 25, 2018, along with documentation of notice to the California Labor and Workforce Development Agency. A true and correct copy of the First Amended Complaint, along with Notice of Service of Process, and Notice to the California Labor and Workforce Development Agency is attached as **Exhibit B** ("Am. Compl.").

3. Plaintiff filed a Second Amended Complaint in the State Court Action on April 10, 2018. This Second Amended Complaint was captioned *S. Wellons, individually and on behalf of all others similarly situated, Plaintiff, v. PNS Stores, Inc., a California Corporation, Defendant*. A true and correct copy of the Second Amended Complaint is attached as **Exhibit C** ("Sec. Am. Compl.")

4. Plaintiff filed a Third Amended Complaint in the State Court Action on November 16, 2018. This Third Amended Complaint was captioned *S. Wellons, C. Arredondo,*

*S. Davis, T Deforeest, W. Duba, S. Hall, G. Kilgore, N. Lopez, S. Meija, T. Seltzer, S. Sharma, M. Sims, J Smith, K Toft, C. Tolliver, M. Viramontes, M Walters, L. Warner, D. Williams, and J. Wright, individually and on behalf of all others similarly situated, Plaintiffs, v. PNS Stores, Inc., a California Corporation, Defendant.* A true and correct copy of the third amended complaint is attached as **Exhibit D** ("Third Am. Compl.").

5. Plaintiff filed a separate complaint making claims under California's Private Attorney General Act ("PAGA Complaint"), captioned *S. Wellons, in his capacity as proxy and/or agent of California's labor law enforcement agencies, Plaintiff, v. PNS Stores, Inc., a California corporation, and DOES 1 through 100, Defendants*, Case No. 37-2018-00015587-CU-OE-CTL in the Superior Court of the State of California, County of San Diego ("the PAGA Action"), on March 28, 2018. A true and correct copy of the PAGA Complaint and proof of service is attached as **Exhibit E**. This complaint was served on PNS stores on March 29, 2018.

6. PNS Stores filed an answer to Plaintiff's First Amended Complaint on February 26, 2018 ("Def's First Answer"). A true and correct copy of Def's First Answer is attached hereto as **Exhibit F**.

7. PNS Stores filed an answer to Plaintiff's Second Amended Complaint on May 10, 2018 ("Def's Second Answer"). A true and correct copy of Def's Second Answer is attached hereto as **Exhibit G**.

8. PNS Stores filed an answer to Plaintiff's PAGA Complaint ("Def's PAGA Answer") on April 26, 2018. A true and correct copy of Def's PAGA Answer is attached hereto as **Exhibit H.**

9. PNS Stores filed an Answer to Plaintiff's Third Amended Complaint on December 14, 2018. ("Def's Third Answer"). A true and correct copy of Def's Third Answer is attached hereto as **Exhibit I.**

10. PNS stores filed a Motion for Judgment on the Pleadings or, in the Alternative for Consolidation [of the State Court Action and the PAGA Action] ("MJOP/Consolidation Motion") on May 21, 2018. A true and correct copy of the MJOP/Consolidation Motion is

Haight

attached hereto as **Exhibit J**.

11. The Superior Court issued a tentative order granting PNS Stores' motion to consolidate the State Court Action and the PAGA Action, but denying PNS Stores' Motion for Judgment on the Pleadings on June 28, 2018. A true and correct copy of the tentative order granting the motion to consolidate is attached hereto as **Exhibit K**.

12. Big Lots Stores Inc. filed a Notice of Motion and Motion for Leave of Court to Intervene in the State Court Action on February 28, 2018 ("Mot. to Intervene"). A true and correct copy of the Mot. to Intervene is attached hereto as **Exhibit L**.

13. The Superior Court entered a tentative order denying Big Lots Stores Inc.'s motion to intervene on June 7, 2018 ("Order Denying First Mot. to Intervene"). A true and correct copy of the Order Denying First Mot. to Intervene is attached hereto as **Exhibit M.**

14. Big Lots Stores Inc. filed a Notice of Motion and Renewed Motion for Leave of the Court to Intervene on November 2, 2018 ("Ren. Mot. to Intervene"). A true and correct copy of the Ren. Mot. to Intervene is attached hereto as **Exhibit N**.

15. The Superior Court entered a tentative order granting Big Lots Stores Renewed Motion for Leave of the Court to Intervene on November 29, 2018 ("Order Granting Ren. Mot. to Intervene"). The order became final on November 30, 2018 after both parties submitted on the tentative. Big Lots Stores, Inc. filed a Complaint in Intervention on December 13, 2018, thereby making Big Lots Stores Inc. a party to the State Court Action. A true and correct copy of the Order Granting Ren. Mot. to Intervene is attached hereto as **Exhibit O**. A true and correct copy of the Complaint in Intervention is attached hereto as **Exhibit P.**

16. Plaintiff filed a Notice of Appeal of the Superior Court's order granting Big Lots Stores Renewed Motion for Leave of the Court to Intervene on December 14, 2018. A true and correct copy of the Notice of Appeal is attached hereto as **Exhibit Q**.

## I.   STATEMENT OF JURISDICTION

17. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (the "Act"). *See* 28 U.S.C. § 1332(d). In relevant part, the Act grants

district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs. The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

18. The Act applies to actions that were "commenced" on or after February 18, 2005. Because the State Court Action was filed on January 19, 2018, it was "commenced" on or after February 18, 2005, and removal is proper under the Act.

**II. TIMELINESS OF REMOVAL**

19. Pursuant to 28 U.S.C. § 1446(b), Defendants filed this removal within 30 days after Big Lots Stores Inc. filed its complaint in intervention on December 13, 2018, thereby becoming a party to the State Court Action and creating the requisite diversity under 28 U.S.C. 1332(d) ("CAFA").

**III. VENUE**

20. Plaintiff originally filed this action in the Superior Court of California, for the County of San Diego. Venue is thus proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action is pending.

**IV. PROCEDURAL REQUIREMENTS**

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal.[1] Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California, for the County of San

---

[1] In conformity with the requirement of 28 U.S.C. § 1446(a), that copies of all process, pleadings and orders served upon Defendants in the State Court Action be included with this notice of removal, the California Superior Court case file is attached as **EXHIBIT R**.

CS19-0000872
12839113.1

5

CASE NO. _____
DEFENDANTS BIG LOTS STORES, INC.'S AND
PNS STORES, INC.'S NOTICE OF REMOVAL

Diego.

## V. DEFENSES

22. The removal of this action to the Southern District of California does not waive Defendants' ability to assert any defense to this action.

## VI. REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

### A. Plaintiff's Action is Pled as a Class Action

23. Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedures or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

24. The State Court Action has been styled as a class action, pursuant to California Code of Civil Procedure § 382. *See* Third Am. Compl. California Code of Civil Procedure § 382 authorizes an action to be brought by one or more representative persons as a class action. *See Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1150 (S.D. Cal. 2018) (noting that an action brought under § 382 is a class action under CAFA.).

### B. The Proposed Class Contains at Least 100 Members

25. Under 28 U.S.C. § 1332(d)(5)(B), district courts will have original jurisdiction over a class action case under CAFA if the number of members of the putative plaintiff class is no less than 100.

26. This requirement is met here. Plaintiff's Complaint proposes four classes. The first includes "[a]ll citizens of the State of California who have been employed within the State of California by Defendant, PNS Stores, Inc., at any time after 23 January 2015, in the capacity of Store Manager (and/or "Store Team Leader") who have worked in excess of (8) hours in a workday, and/or in excess of forty (40) hours in a workweek, but who have not received overtime compensation at one-and-one-half times their regular rate of pay." Third Am. Compl. at ¶ 15. The second proposed class includes "[a]ll citizens of the State of California who have been employed within the State of California by Defendant, PNS Stores, Inc., at any time between 23 January 2014, and 22 January 2015, in the capacity of Store

Manager (and/or "Store Team Leader") who have worked in excess of (8) hours in a workday, and/or in excess of forty (40) hours in a workweek, but who have not received overtime compensation at one-and-one-half times their regular rate of pay." *Id.* at ¶ 15. The third proposed class includes "[a]ll citizens of the State of California who have been employed within the State of California by Defendant, PNS Stores, Inc., at any time after 23 January 2017, in the capacity of Store Manager (and/or "Store Team Leader") to whom said Defendant failed to furnish accurate itemized statements in writing showing total hours worked." *Id.* at ¶ 15. The fourth proposed class includes "[a]ll citizens of the State of California who have been employed within the State of California by Defendant, PNS Stores, Inc., at any time after 23 January 2015, in the capacity of Store Manager (and/or "Store Team Leader") who are no longer employed by said Defendant and were owed overtime compensation at the time their employment concluded." *Id.* at ¶ 15.

27. According to those proposed class definitions, there are 298 putative class members included in this case. Thus, the number of members of the putative class is sufficient to meet the Act's requirement for removal to federal court.

**C. There is Diversity Between at Least One Putative Class Member and One Defendant**

28. The Act's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Big Lots Stores Inc. are citizens of different states.

29. Here, Plaintiffs have defined their proposed classes to include "[a]ll citizens of the State of California" who meet other specified criteria. Third Am. Compl. at ¶ 15. Therefore, class members are citizens of the State of California.

30. Conversely, Defendant Big Lots Stores, Inc. is not a citizen of California. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

31. Defendant Big Lots Stores, Inc. is a corporation organized under the laws of the

State of Ohio. Its principal place of business is in Columbus, Ohio. For purposes of diversity jurisdiction, therefore, at least one Defendant is a citizen of Ohio.

32. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

33. Accordingly, Plaintiffs are citizens of a State different from one of the Defendants, and diversity exists for federal jurisdiction under CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A).

### D. The Amount in Controversy Exceeds $5,000,000[2]

34. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

35. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

36. Plaintiff's Complaint is silent as to the total amount in controversy. However, Plaintiff's failure to specify the total damages or other monetary relief sought does not deprive this Court of jurisdiction. Rather, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *See Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.").

37. This burden is not onerous and does not obligate a removing defendant to

---

[2] Defendants provide the following calculations only to demonstrate that the amount in controversy exceeds $5,000,000. Defendants makes no admission of liability or damages with respect to any aspect of this case, nor does Defendants waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiffs prevail with any of their claims.

"research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-1205 (E.D. Cal. 2008). Rather, "[t]he 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will *actually* owe." *Id.* (quoting *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005)). In determining the amount in controversy for CAFA, all potential damages based on the claims in the complaint, as well as attorneys' fees, are included. *See Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM DAD, 2011 U.S. Dist. LEXIS 119801, *8 (E.D. Cal. Oct. 14, 2011) (in measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (quotations and citations omitted).

38. The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal, is supporting evidence required. *See id.* Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

39. Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, and notwithstanding Plaintiff's failure to allege the total amount of damages claimed, the amount in controversy as alleged by Plaintiff in this case exceeds the sum of $5,000,000.

### 1) Failure to Pay Overtime

40. In their First and Second Causes of Action, Plaintiffs allege that the putative class members are entitled to recover unpaid overtime compensation "plus prejudgment interest attorneys' fees, and costs of suit" pursuant to Labor Code §§ 510(a), and 1194, and Cal. Code Regs., tit. 8, § 11070, subd. (4). Plaintiffs aver that class members "were required to

1 work, and did work, *on a consistent basis*, in excess of (8) hours per day, and in excess of
2 forty (40) hours per week." Third Am. Compl. ¶ 10 (emphasis added). Plaintiffs also allege
3 that "[i]n accordance with Defendant, PNS's, operationally-standardized uniform policies and
4 practices, Plaintiffs and other Store Managers were not paid *any* overtime compensation."
5 Third Am. Compl. ¶ 11.

6   41.  Because the Complaint's Third Cause of Action includes a claim for Unfair
7 Business Practices under California Business and Professions Code § 17200, the statute of
8 limitations for these claims is four years. Third Am. Compl. ¶¶ 15, 27; *See also* Lab. Code §
9 17208. If successful, Plaintiff and the putative class members would be entitled to the unpaid
10 balance of overtime wage compensation. Lab. Code § 1194.2.

11   42.  As quoted above, Plaintiffs contend that they worked overtime on "a consistent
12 basis" and that they never received any overtime compensation. Third Am. Compl. 10-11.
13 From January 23, 2014, through the present, putative class members were paid on a salaried
14 basis. The minimum annual salary paid to any STL during this period of time was $49,790.
15 Under California law, the overtime rate of compensation for salaried employees is presumed
16 to be $1/40^{th}$ of the employee's weekly salary. Cal. Lab Code 515(d)(1). Moreover, "[p]ayment
17 of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for
18 the employee's regular, nonovertime, hours." Cal. Lab Code 515(d)(2). Accordingly, any hour
19 of unpaid overtime would need to be compensated at 1.5 times $1/40^{th}$ of the employee's
20 weekly salary. And this amount would need to be paid for any hour worked over 40 hours per
21 week or 8 hours in a day. Using the minimum salary of $49,790, the minimum hourly
22 overtime rate for any STL would be $35.91.

23   43.  As set forth above, Defendant employed 298 putative class members in Store
24 Manager (Store Team Leader) positions from January 23, 2014, through the present. Per the
25 job description Store Team Leaders, must have "[a]vailability to work *at least 45 hours per*
26 *week* (emphasis added)." *See* STL Job Description, attached as **Exhibit S**.

27   44.  Using the hours specified in the job description—45 per week—Plaintiff's total
28 alleged overtime payments from January 23, 2014 through present would result in an amount

in controversy of $6,030,904.95. On its own, this is enough to reach the amount in controversy requirements under CAFA.

### 2) Failure to Provide Accurate Itemized Wage Statements

45. In his Fourth Cause of Action, a derivative claim for wage statement penalties, Plaintiff seeks to recover damages under Labor Code § 226 based on Plaintiff's allegation that Defendants "failed to provide to Plaintiffs and the members of the Plaintiff Class accurate itemized statements in writing showing total hours worked by them." Third Am. Compl. ¶ 33.

46. Labor Code § 226(e) provides for damages in the amount of "fifty dollars ($50.00) for the initial pay period in which the violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period." Damages are capped at four thousand dollars ($4,000.00) per employee. Lab. Code § 226(e)(1). Such claims are subject to a one-year statute of limitations. *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 U.S. Dist. LEXIS 101356, at *21 (C.D. Cal. June 29, 2017).

47. Defendant employed 189 putative class members in Store Team Leader positions from January 23, 2017, through the present. When alleged Labor Code § 226 penalties are applied to these 189 putative class members in the amount of $50.00 for the initial pay period and $100.00 in each subsequent pay period, capped at $4,000.00 per employee, the total amount in controversy for Plaintiff's wage statement claim is $554,200.

### 3) Failure to Timely Pay Wages

48. In his Fifth Cause of Action, a derivative claim for waiting time penalties, Plaintiff alleges that Defendants "willfully failed to pay, and continues to willfully fail to pay, such wages to Plaintiffs and the members of the Section 203 sub-class)." Third Am. Compl. ¶ 40. For this violation, Plaintiffs seek "recovery of statutory 'penalty wages' in an amount up to thirty (30) days' wages plus prejudgment interest, attorneys' fees, and costs of suit." Third Am. Compl. ¶ 42.

49. Section 203 provides that, if an employer willfully fails to pay all wages due at termination, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days

continuation of wages. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1398.

50. If the allegations of the Complaint and Plaintiff's legal theories are correct, any putative class member whose employment terminated more than 30 days prior to this notice of removal is entitled to 30 days' continuation wages as a penalty under Labor Code section 203, and any putative class member whose employment terminated within the last 30 days is entitled to continuation wages from the date of termination through present.[3] Based on Plaintiff's allegations, that Defendants *consistently* failed to pay overtime, it is reasonable to infer "that each class member suffered some form of Labor Code violation at some point during his or her employment, and thus was entitled to waiting time penalties." *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 U.S. Dist. LEXIS 86975, at *35 (C.D. Cal. June 22, 2012) (analyzing amount of controversy under the now defunct legal certainty standard).

51. An employer may establish the amount in controversy for a waiting time penalty pursuant to California Labor Code Section 203 by: (1) assessing an average hourly rate based on the regular rate applicable to the putative class; (2) multiplying the average hourly rate by the number of average hours worked per shift; (3) multiplying that number by the number of days in the waiting time period; and (4) multiplying that number by the number of putative class members. *Carranza v. Nordstrom, Inc.*, No. EDCV 14-01699 MMM (DTBx), 2014 U.S. Dist. LEXIS 172307, *45 (C.D. Cal. Dec. 12, 2014).

52. Defendants employed 119 individuals in non-exempt production positions whose employment with Defendants ended from January 23, 2015 through thirty days prior to the filing of this notice of removal. Again, the minimum salary paid to any STL was $49,790. The average number of days in the waiting time period for these 119 individuals is 30 days (all

---

[3] Defendants deny that they failed to pay overtime wages owed to the putative class members; however, if Plaintiff's allegations were sound, Defendants acknowledge that putative class members would not have received payment for any such wages within 30 days of separation, unless they made a request for payment.

of these individuals were separated more than 30 days before the filing of this removal). Therefore, the total amount in controversy for Plaintiff's waiting time penalties claim is at least $486,987.27 (119 separated putative class members x $49,790 minimum annual salary/365 days x 30-day waiting time period).[4]

### 4) Attorney's Fees

53. "Under CAFA, the Court can include potential attorneys' fees in determining the amount in controversy, if sought by the plaintiff." *Hughes v. Fosdick*, 106 F. Supp. 3d 1078, 1083 (N.D. Cal. Apr. 29, 2015) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees are properly included in determining the amount in controversy, regardless of whether they are mandatory or discretionary)). "In the class action settlement context, the Ninth Circuit has found that 25 percent of the common fund is a reasonable attorneys' fees award. *Hughes*, 106 F. Supp. 3d at 1083 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("benchmark" level for reasonable attorneys' fees in class actions in the Ninth Circuit is 25%).

54. Therefore, "if Defendant can establish by a preponderance of the evidence that the [amount in controversy is] at least $4 million dollars, the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA." *Garcia v. Wal-Mart Stores*, 2016 U.S. Dist. LEXIS 142807, 17-19 (C.D. Cal. Oct. 14, 2016).

55. Here, as set forth above, there is "substantial, plausible evidence" that the amount in controversy in Counts 1-5 of Plaintiff's Complaint totals $7,072,092.22—already well in excess of the $5,000,000 threshold. Still, a conservative and reasonable estimate of Plaintiff's attorneys' fees is $1,768,023.06, which is 25% of the total amount in controversy

---

[4] Again, this estimate underestimates the amount in controversy because it excludes additional payments that Plaintiffs claim are owed for overtime work and it uses the minimum salary paid to any employee employed as an STL, rather than the higher actual salaries paid to most STLs.

CS19-0000872
12839113.1

13

CASE NO. _____
DEFENDANTS BIG LOTS STORES, INC.'S AND
PNS STORES, INC.'S NOTICE OF REMOVAL

for the other claims.  Thus, a reasonable calculation of the total amount in controversy, based on the allegations in Plaintiff's Complaint and the data cited herein, is $8,840,115.28, again, well in excess of the $5,000,000 statutory threshold.

56.  Although Defendants specifically denies Plaintiff's claims and denies Plaintiff will recover any of the relief he seeks, it is clear from the allegations in the Complaint and the scope of the relief sought that the amount in controversy exceeds the $5,000,000.00 jurisdictional threshold of 28 U.S.C. § 1332(d).

## VII. CONCLUSION

57.  Thus, the total amount in controversy in this action is at least $8,840,115.28.[5]

58.  Based on the foregoing, Defendants respectfully requests that the Court remove the above-entitled action to federal court.

Dated:  December 31, 2018           HAIGHT BROWN & BONESTEEL LLP

By: _____
Bethsaida C. Obra-White
Yvette Davis
Attorneys for Defendants BIG LOTS STORES AND PNS STORES, INC.

---

[5] Defendants note that this estimate does not include interest, or any other potential claims for statutory penalties, which would only further increase the amount in controversy.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

*S. Wellons v. PNS Stores, Inc., et al.*
SDSC Case No. 37-2018-00003535-CU-OE-CTL
Consolidated with: Case No. 37-2018-00015587-CU-OE-CTL

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 410, Riverside, CA 92501.

On December 31, 2018, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1332(d)(2) (CAFA)** on the interested parties in this action as follows:

| | |
|---|---|
| David J. Gallo<br>LAW OFFICES OF DAVID J. GALLO<br>12702 Via Cortina<br>Suite 500<br>Del Mar, California 92014-3769<br><br>Telephone: (858) 509-3652<br>Facsimile: (858) 509-3717<br>Email: djgsan@aol.com | Attorneys for Plaintiff S. WELLONS, individually, and on behalf of all others similarly situated |
| VORYS, SATER, SEYMOUR AND PEASE LLP<br>Mark A. Knueve, Ohio Bar No. 0067074*<br>*maknueve@vorys.com*<br>Jocelyn M. Hoffman, Ohio Bar No. 0092365*<br>*jmhoffman@vorys.com*<br>52 East Gay Street<br>Columbus, Ohio 43215<br><br>Telephone: (614) 464-6387<br>Facsimile: (614) 719-4808 | Attorneys for Defendants BIG LOTS STORES, INC., and PNS STORES, INC.<br><br>*Courtesy Copy* |

*Admitted *pro hac vice*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Haight Brown & Bonesteel LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Riverside, California.

CS19-0000872
12839113.1

CASE NO. _____
DEFENDANTS BIG LOTS STORES, INC.'S AND
PNS STORES, INC.'S NOTICE OF REMOVAL

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 31, 2018, at Riverside, California.

_____
*Cecilia Gonzalez*

CS19-0000872
12839113.1

CASE NO. _____
DEFENDANTS BIG LOTS STORES, INC.'S AND
PNS STORES, INC.'S NOTICE OF REMOVAL

Haight