```
HAIGHT BROWN & BONESTEEL LLP
Yvette Davis (Bar No. 165777)
  ydavis@hbblaw.com
2050 Main Street, Suite 600
Irvine, California 92614
Telephone: (714) 426-4600
Facsimile: (714) 754-0826

VORYS, SATER, SEYMOUR AND PEASE LLP
Mark A. Knueve, Ohio Bar No. 0067074 *
  maknueve@vorys.com
Jocelyn M. Hoffman, Ohio Bar No. 0092365*
  jmhoffman@vorys.com
52 East Gay Street
Columbus, Ohio 43215
Telephone: (614) 464-6387
Facsimile: (614) 719-4808

*Admitted pro hac vice

Attorneys for Defendant PNS STORES, INC.
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | |
|---|---|
| S. WELLONS, C. ARREDONDO, S. DAVIS, T. DEFOREEST, W. DUBA, S. HALL, G. KILGORE, N. LOPEZ, S. MEJIA, T. SELTZER, S. SHARMA, M. SIMS, J. SMITH, K. TOFT, C. TOLLIVER, M. VIRAMONTES, M. WALTERS, L. WARNER, D. WILLIAMS, and J. WRIGHT, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PNS STORES, INC., a California corporation, <br><br> Defendant. | Case No. 37-2018-00003535-CU-OE-CTL <br><br> Consolidated with: <br> Case No. 37-2018-00015587-CU-OE-CTL <br><br> Judicial Officer: Randa Trapp, Dept. C-70 <br><br> **DEFENDANT PNS STORES, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT SEEKING UNPAID OVERTIME COMPENSATION, LABOR CODE SECTION 203 PENALTY WAGES, AND PENALTIES FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** <br><br> Action Filed: January 19, 2018 <br> Trial Date: Not set |

Defendant PNS Stores, Inc. ("Defendant") hereby answers Plaintiffs' Third Amended Complaint as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation of the Third Amended Complaint ("Complaint") and further denies, generally and specifically, that Plaintiffs are entitled to compensatory damages, statutory or civil penalties or liquidated damages, restitution, prejudgment interest, attorneys' fees, costs of suit, or to any other relief whatsoever by reason of any act or omission on the part of Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

In addition, Defendant alleges and asserts the affirmative and other defenses set forth herein. By pleading these defenses, Defendant does not assume the burden of proving or disproving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause to Action)

1. Neither the Complaint nor any purported claim alleged therein states a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Some or all of the purported claims alleged in the Complaint are barred by the applicable statutes of limitations, including those set forth in California Civil Code Sections 335.1, 338, 339, 340; and California Labor Code Section 2699.3.

## THIRD AFFIRMATIVE DEFENSE

### (Unjust Enrichment, Waiver, Estoppel)

3. Some or all of the purported claims alleged in the Complaint are barred by the doctrines of waiver, equitable estoppel, or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

4. The Complaint fails to state a claim for penalties under the California Labor Code in that: (a) there was a bona fide, good faith dispute as to Defendant's obligations under any applicable Labor Code provisions; and (b) Defendant did not willfully fail to pay any wages. Any violation of the Labor Code or Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable grounds for believing that its wage payment practices complied with existing laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission so that Plaintiffs and/or any aggrieved employees are not entitled to any damages in excess of any wages for hours worked which might be found to be due.

## FIFTH AFFIRMATIVE DEFENSE

### (Penalties Barred by Principles of Fairness and Equity)

5. The Complaint and each purported claim alleged therein cannot be maintained against Defendant because principles of fairness and equity operate to bar the imposition of penalties under California Labor Code §§ 201, 202, 203, 226, 510, 558, and applicable Orders of the Industrial Welfare Commission.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

6. The Complaint and each purported claim alleged therein are barred because Plaintiffs lack standing.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Control)

7. The Complaint and each purported claim alleged therein cannot be maintained against Defendant because the alleged losses or harms sustained by Plaintiffs or aggrieved employees, if any, resulted from causes other than any act or omission of Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
**(Acts or Omissions by Plaintiff or Aggrieved Employee)**

8. The Complaint and each purported claim alleged therein cannot be maintained against Defendant because the alleged losses or harms sustained by Plaintiffs or aggrieved employees, if any, resulted from the acts or omissions of Plaintiffs or the aggrieved employees.

### NINTH AFFIRMATIVE DEFENSE
**(Outside Scope of IWC Orders)**

9. Some or all of certain hours claimed by Plaintiffs and each aggrieved employee, if any, are not "hours worked" within the meaning of any Order(s) of the California Industrial Welfare Commission and/or under applicable California law, such that compensation need not be paid for those hours.

### TENTH AFFIRMATIVE DEFENSE
**(*De Minimis* Effect)**

10. Some or all of the hours worked by Plaintiffs and/or each aggrieved employee, if any, and claimed unpaid were *de minimis* and do not qualify as compensable hours worked under the California Labor Code and/or any other applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

11. If Plaintiffs and/or any aggrieved employees, if any, suffered any damages as a result of the conduct alleged in the Complaint, which Defendant denies, Plaintiffs and/or any aggrieved employees, if any, are not entitled to recover the amount of damages alleged or any damages due to their failure to make reasonable efforts to mitigate or minimize the damages incurred.

### TWELFTH AFFIRMATIVE DEFENSE
**(Liquidated Damages, Costs, and Attorneys' Fees Unavailable)**

12. Plaintiffs failed to state a claim for liquidated damages, costs, or attorneys' fees under the California Labor Code or any other law/basis.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Prejudgment Interest Unavailable)

13. The Complaint and each purported claim alleged therein fails to properly state a claim upon which prejudgment interest may be awarded.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Wrongful Acts Not Authorized, Ratified, or Condoned by Defendant)

14. Any unlawful or wrongful acts of any person(s) employed by Defendant was outside the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

15. The Complaint and each purported claim alleged therein are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendant took reasonable steps to prevent and correct improper wage payments, Plaintiffs and/or any aggrieved employees, if any, unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiffs and/or any aggrieved employees, if any, allegedly suffered.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Damages Resulting from Failure to Comply)

16. Any damages suffered were the result of failure by Plaintiffs and/or any aggrieved employees, if any, to comply with the reasonable expectations of Defendant and/or to follow Defendant's reasonable instructions and/or policies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Due Process)

17. Allowing this action to proceed with Plaintiffs as representatives of the general public and/or any aggrieved employees, if any, as applied to the facts and

circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Constitutions of the United States of America and the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Offset for Damages)

18. To the extent Plaintiffs and/or any aggrieved employees, if any, are entitled to additional compensation, which Defendant denies, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiffs and/or aggrieved employees received from Defendant in excess of the compensation to which they were legally entitled for the work performed, including, but not limited to, hours paid for time during which no work was performed, and/or any monies recovered by or previously paid to Plaintiffs and/or aggrieved employees for the same or similar claims.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Injury)

19. Plaintiffs' claims and the claim of any aggrieved employees, if any, for failure to provide accurate wage statements fail because Plaintiffs and/or any aggrieved employees did not suffer any injury as a result of such failures, to the extent any occurred.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Excessive Fines)

20. The Complaint, to the extent that it seeks punitive or exemplary damages, violates the rights of Defendant to protection from "excessive fines" as provided in the Constitution of the United States of America and the State of California, and therefore, fails to state a claim on which punitive or exemplary damages may be awarded.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Release and/or Satisfaction of Claims)

21. Plaintiffs' claims and any claim on behalf of any aggrieved employees, if any, are barred to the extent Plaintiffs and/or any aggrieved employees released the claims and damages sought and/or acknowledged an accord and satisfaction and/or release of any

claim asserted in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure To Satisfy Requirements of a Class Action)

22. Plaintiffs fail, in whole or in part, to state specific facts sufficient to certify a class action. There is no question of a common or general interest or well-defined community of interest among the purported class membership.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Improper Class Representatives)

23. The Complaint, and each purported cause of action in the Complaint is barred in whole or in part because Plaintiffs do not meet the requirements for class representatives.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Consent)

24. All or some of Plaintiffs' purported causes of action alleged in the Complaint are barred to the extent any individual consented to any activity or conduct alleged in the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Penalties Unjust, Arbitrary, Oppressive, and/or Confiscatory)

25. Plaintiffs and/or any aggrieved employees, if any, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and/or confiscatory.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

26. The claims in the Complaint are barred in whole or in part because of Defendant's compliance with all applicable laws, statutes and regulations, which constitutes a safe harbor to any claim under California Business and Professions Code §§ 17200, *et seq.*

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Unfair, Misleading, or Deceptive Business Practices)

27. Defendant is not liable for violation of unfair business practices pursuant to California Business and Professions Code §§ 17200, *et seq.* because its business practices were not unfair, not deceptive, and not likely to mislead anyone.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

28. The relief requested by Plaintiffs pursuant to California Business and Professions Code §§ 17200, *et seq.*, and at common law, should be denied because Plaintiffs have an adequate remedy at law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague and Broad)

29. The Private Attorneys General Act, California Labor Code § 2698, *et seq.*, is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

30. Plaintiffs failed to adequately and properly exhaust administrative prerequisites required to have the legal ability to sue for penalties under the Private Attorneys General Act, California Labor Code § 2698, *et seq.*

///
///
///
///
///
///
///
///

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. The claims of Plaintiffs and/or any aggrieved employees are barred to the extent that Plaintiffs and/or any aggrieved employees have signed a binding arbitration agreement.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative and other defenses it identifies and/or as may become available during discovery in this action, and Defendant reserves the right to amend this Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That the Complaint be dismissed;
3. That judgment be entered in favor of Defendant;
4. For costs of suit and attorneys' fees incurred herein; and
5. For such other and further relief as the Court deems just and proper.

Dated: December 14, 2018

VORYS, SATER, SEYMOUR AND PEASE LLP

By: /s/ Mark A. Knueve
Mark A. Knueve

Attorneys for Defendant PNS STORES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

*S. Wellons v. PNS Stores, Inc., et al.*
SDSC Case No. 37-2018-00003535-CU-OE-CTL
Consolidated with: Case No. 37-2018-00015587-CU-OE-CTL

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2050 Main Street, Suite 600, Irvine, CA 92614.

On December 14, 2018, I served true copies of the following document(s) described as **DEFENDANT PNS STORES, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT SEEKING UNPAID OVERTIME COMPENSATION, LABOR CODE SECTION 203 PENALTY WAGES, AND PENALTIES FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** on the interested parties in this action as follows:

David J. Gallo
LAW OFFICES OF DAVID J. GALLO
12702 Via Cortina
Suite 500
Del Mar, California 92014-3769

Attorneys for Plaintiff S. WELLONS, individually, and on behalf of all others similarly situated

Telephone: (858) 509-3652
Facsimile: (858) 509-3717
Email: djgsan@aol.com

**BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Haight Brown & Bonesteel LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 14, 2018, at Irvine, California.

Jacqueline Araujo

CS19-0000872
12827210.1

PNS STORES, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

I