# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. WELLONS, C. ARREDONDO, S. DAVIS, T. DEFOREEST, W. DUBA, S. HALL, G. KILGORE, N. LOPEZ, S. MEIJA, T. SELTZER, S. SHARMA, M. SIMS, J. SMITH, K. TOFT, C. TOLLIVER, M. VIRAMONTES, M. WALTERS, L. WARNER, D. WILLIAMS, J. WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PNS STORES, INC, a California corporation; BIG LOTS STORES, INC, an Ohio Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 18-cv-2913 DMS (WVG)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

Pending before the Court is Plaintiffs' motion to remand. Defendant PNS Stores, Inc. ("PNS") and Intervenor-Defendant Big Lots Stores, Inc. ("BLSI") filed an opposition, and Plaintiffs filed a reply. For the reasons set forth below, Plaintiffs' motion to remand is denied.

///

///

# I.

# BACKGROUND

On January 19, 2018, Plaintiff S. Wellons filed a putative class action in the San Diego County Superior Court alleging wage and hour claims under state law against BLSI, an Ohio corporation. (Defs.' Ex. A.) Six days later, Wellons filed a First Amended Complaint replacing BLSI with PNS, a California corporation. (Defs.' Ex. B.) PNS and BLSI are affiliated corporations owned by Big Lots, Inc., an Ohio corporation. (Defs.' Ex. R-8 at 71–72; Pls.' Ex. D at 23.) Both PNS and BLSI operate stores under the name "Big Lots" in several states, including California. (Declaration of William Boas in Opp'n to Mot. ("Boas Decl.") ¶ 6.)

Wellons subsequently amended the complaint two more times. In the Third Amended Complaint ("TAC"), additional Plaintiffs were added: C. Arredondo, S. Davis, T. Deforeest, W. Duba, S. Hall, G. Kilgore, N. Lopez, S. Mejia, T. Seltzer, S. Sharma, M. Sims, J. Smith, K. Toft, C. Tolliver, M. Viramontes, M. Walters, L. Warner, D. Williams, and J. Wright. (Defs.' Ex. D ("TAC").) The TAC defines the purported class as "[a]ll citizens of the State of California who have been employed within the State of California by Defendant, PNS Stores, Inc. [during the class period] in the capacity of Store Manager (and/or 'Store Team Leader')." (TAC ¶ 15.) On February 28, 2018, BLSI filed a motion to intervene in the action, which the superior court denied in a tentative order on June 7, 2018. (Defs.' Exs. L, M.)

On March 28, 2018, Wellons filed a separate action against PNS under the California Private Attorney General Act ("PAGA"), asserting the same factual and legal basis for liability. (Defs.' Ex. E.) On June 28, 2018, the superior court issued a tentative order consolidating the TAC and PAGA action against PNS, which became final on July 2, 2018. (Defs.' Ex. K; *S. Wellons v. Big Lots Stores Inc*, No. 37-2018-00003535-CU-OE-CTL, ROA No. 122.)

On November 2, 2018, BLSI filed a renewed motion to intervene in the consolidated action. (Defs.' Ex. N.) Based on new facts presented, the superior

court granted BLSI's motion in a tentative order and determined that BLSI was an indispensable party. (Defs.' Ex. O.) The court found, in part, that "BLSI was responsible for the policies and classification of plaintiff and the proposed class," "handles the labor allocation, human resources, payroll and asset protection" for PNS, "is responsible for recruiting Store Team Leaders like plaintiff," and "does all the marketing and advertising" for PNS. (*Id.*) After considering the newly presented facts, the court explained that BLSI claims a "direct interest" in the lawsuit, and "is so situated that the disposition of the action in its absence may as a practical matter impair or impede its ability to protect that interest." (*Id.*)

After the tentative order became final, BLSI filed a Complaint in Intervention on December 13, 2018. (Defs.' Ex. P.) The next day, Plaintiffs appealed the superior court's order granting BLSI's renewed motion to intervene, which is pending before the California appellate court.[1] (Defs.' Ex. Q; Defs.' Mem. of P. & A. in Opp'n to Mot. ("Defs.' Opp'n") at 4, Ex. B.)

On December 31, 2018, PNS and BLSI removed the consolidated action before this Court under the Class Action Fairness Act ("CAFA"). (ECF No. 1.) Presently before the Court is Plaintiffs' motion to remand. (ECF No. 12.) Plaintiffs move to remand on grounds that (1) removal violates the voluntary-involuntary rule; (2) the superior court exceeded its jurisdiction under Section 1008(a) of the Code of Civil Procedure; (3) the "local controversy" exception applies; (4) the "home-state controversy" exception applies; (5) Defendants fail to comply with 28 U.S.C. § 1446(a); and (6) Defendants are unable to meet the amount in controversy.

/ / /
/ / /
/ / /
/ / /

---

[1] The California appellate court has stayed Plaintiffs' appeal pending the Court's determination in this matter. (Defs.' Opp'n at 4, Ex. B.)

## II.

## LEGAL STANDARD

The Class Action Fairness Act was passed by Congress "to permit defendants to remove class actions to federal court if they meet three requirements: there must be minimal diversity of citizenship between the parties; the proposed class must have at least 100 members; and the aggregated amount in controversy must equal or exceed the sum or value of $5 million." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). CAFA "strongly favor[s] the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Id.* at 1183–84. Thus, "no antiremoval presumption attends cases involving CAFA," and its provisions must be interpreted "broadly in favor of removal." *Id.* at 1184 (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). Although the party seeking removal still bears the burden of establishing removal jurisdiction, the party seeking remand bears the burden of showing that an exception to CAFA jurisdiction applies. *See, e.g.*, *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007).

## III.

## DISCUSSION

**A.  Voluntary-Involuntary Rule**

"Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2)(A)). Thus, complete diversity is not required; minimal diversity suffices. *Serrano*, 478 F.3d at 1021. Defendants contend minimal diversity was established after BLSI, an Ohio corporation, successfully intervened in this action. Plaintiffs dispute that minimal diversity exits, citing the "voluntary-involuntary" rule.

The voluntary-involuntary rule provides that "a suit which, at the time of filing, could not have been brought in federal court must 'remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable.'" *People of State of Cal. By and Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (citing *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978)). However, the Ninth Circuit has applied this rule only in the context of removal based on diversity of citizenship under 28 U.S.C. § 1332, in circumstances where a non-diverse defendant is dismissed for reasons beyond the plaintiff's control. *See, e.g.*, *Self*, 588 F.2d 655, 658–60 (9th Cir. 1978) (instructing district court to remand where state court had rendered judgment against a non-diverse defendant and remaining diverse defendant removed the action based on diversity); *Zakinov v. Ripple Labs, Inc.*, —F.Supp.3d—, 2019 WL 977873, at *6 (N.D. Cal. Feb. 28, 2019) (stating voluntary-involuntary rule "does not clearly apply to CAFA-based removal which … is distinct from removal based on § 1332"); *Thompson v. Target Corp.*, No. 16-839, 2016 WL 4119937, at *8 n.7 (C.D. Cal. Aug. 2, 2016) ("The rule is typically applied in a situation where a properly joined non-diverse defendant is dismissed for reasons beyond the control of the plaintiff.").[2]

Moreover, applying the voluntary-involuntary rule to the present case would allow plaintiffs to avoid federal jurisdiction under CAFA based on their designation of the parties, and preclude removal by proper intervenors, including necessary parties. This would not only be inconsistent with CAFA's purpose, which broadly favors removal, but it would also be contrary to well-reasoned case law and secondary authorities. *See Silas v. Argent Mortgage Company, LLC*, No. 17-703, 2017 WL 3131057, at *4 (E.D. Cal. Sep. 24, 2017) ("Intervenors may file notices of removal if they are properly aligned as defendants.... Intervenor Defendant became

---

[2] As Plaintiffs point out, *Chicoine v. Wellmark Inc.*, No. 17-1707, 2018 WL 1710545 (N.D. Ala. Apr. 9, 2018), is a factually analogous case that reached the opposite conclusion. However, this nonbinding case does not include any discussion of CAFA, which broadly favors removal.

'properly aligned' as a defendant when the Kern County Superior Court granted their motion to intervene.") (citations omitted); *Widjaja v. YUMA Brands, Inc.*, No. 09-1074, 2009 WL 3462040, at *8 (E.D. Cal. Oct. 22, 2009) ("Unless conditions have been imposed, the intervenor is treated as if the intervenor were an original party and has equal standing with the original parties.") (citations omitted); *Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party."); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3730 (4th ed.) ("Intervenors may file notices of removal if they are properly aligned as defendants, but the intervention must precede the removal."). The Court therefore finds the voluntary-involuntary rule inapplicable to this case. Defendants have established minimal diversity.

**B. Code of Civil Procedure Section 1008(a)**

Next, Plaintiffs contend it is entitled to remand because the declaration filed with BLSI's renewed motion did "not satisfy all requirements of Code of Civil Procedure section 1008, subdivision(a)" and therefore "was *ultra vires* of the Superior Court's jurisdiction." (*See* Pls.' Mem. of P. & A. in Supp. of Mot. ("Pls.' Mot.") at 16; Pls.' Ex. J at 82.) Plaintiffs provide no further explanation beyond this conclusory assertion. However, based on Plaintiffs' selective citation to Section 1008(a), it appears they are arguing that BLSI's declaration is deficient because it omits certain required information, including: "what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." *See* Code Civ. Proc. § 1008(a). Assuming BLSI erred, Plaintiffs fail to provide any authority that this error precluded the superior court from ruling on BLSI's renewed motion to intervene.[3] In fact, case law supports the contrary finding. *See Vallera v. Vallera*,

---

[3] Plaintiffs also omit the fact that BLSI submitted an amended declaration to the superior court remedying any errors. (*See* Defs.' Ex. R.)

64 Cal. App. 2d 266, 272 (1944) ("Form is subordinated to substance in pleading and practice in civil cases."); Cal. Civ. Code § 3528 ("The law respects form less than substance."). This ground for remand is without merit.[4]

C. **CAFA's Exceptions**

Plaintiffs also argue remand is proper because two exceptions to CAFA jurisdiction apply: the local controversy exception and the home-state controversy exception. *See* 28 U.S.C. § 1332(d)(4). Plaintiffs bear the burden of demonstrating that a CAFA exception applies. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013).

**1. Local Controversy Exception**

The local controversy exception provides that district courts shall decline jurisdiction where (1) "more than two-thirds of the plaintiffs are citizens of California"; (2) "at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a California citizen"; (3) "the principal injuries about which Plaintiffs complain were suffered in California"; and (4) "no similar class action has been filed against any of the defendants in the preceding three years." *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 929 (9th Cir. 2015); 28 U.S.C. § 1332(d)(4)(A). This exception is intended to be applied narrowly, "particularly in light of the purposes of CAFA." *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015). Here, Plaintiffs fail to meet the third and fourth prongs, which are addressed in turn.

/ / /

---

[4] Plaintiffs also appear to argue the superior court erred in granting Plaintiffs' renewed motion to intervene because the denial of a motion to intervene is properly challenged by appeal, not a renewed motion. However, Plaintiffs fail to provide authority in support of that proposition, and the cases they cite are inapposite. *See Bame v. City of Del Mar*, 86 Cal. App. 4th 1346, 1363 (2001); *Stephen v. Enterprise Rent-A-Car*, 235 Cal. App. 3d 806, 813–814 (1991).

### i. Principal Injuries

The local controversy exception is intended only for "truly local controversies." *Kearns v. Ford Motor Co.*, No. 05-5644, 2005 WL 3967998, at *12 (C.D. Cal. Nov. 21, 2005). Thus, the principal injuries resulting from the alleged misconduct must be local. *Waller v. Hewlett-Packard Co.*, No. 11-454, 2011 WL 8601207, at *4 (S.D. Cal. May 10, 2011).

Here, Plaintiffs' claims are based on the "operationally-standardized uniform policies and practices," which misclassified the class members as exempt employees. (TAC ¶¶ 10–13.) Plaintiffs do not dispute that PNS and BLSI apply the same policies in their out-of-state locations. (*See* Boas Decl. ¶¶ 4–7.) Rather, they argue the controversy is truly local because the class is limited to citizens of California and the claims are based on California law. This argument has been considered and rejected by other courts. For example, in *Villalpando v. Exel Direct Inc.*, No. 12-4137, 2012 WL 5464620 (N.D. Cal. Nov. 8, 2012), the plaintiff filed a putative class action against the defendants and asserted wage and hour claims under California state law based on misclassification of employees. 2012 WL 5464620, at *1. Similar to Plaintiffs' argument here, the plaintiff in *Villalpando* claimed the principal harm was truly local because "all of the class members reside in California" and all of their "claims [were] asserted under California's 'unique set of laws' enacted with respect to the employment relationship in [California]." *Id.* at *11. The *Villapando* court rejected the argument, explaining such claims were not "unique to California" and the defendants were "vulnerable to similar claims in other states." *Id.* at *12. *See also Waller*, 2011 WL 8601207, at *4 (finding that though plaintiff only sought relief in California, principal injuries from the defendants' alleged unlawful conduct was not truly local because alleged conduct was not "peculiar to California," and defendants could be "vulnerable to suit on very similar grounds beyond California"). Accordingly, Plaintiffs have failed to demonstrate the local controversy exception applies.

### ii. Similar Class Action

Plaintiffs also fail to show that "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" within three years prior to the filing of this action. *See* 28 U.S.C. § 1332(d)(4)(A)(ii)). On January 19, 2018, several hours before the present action was filed, plaintiff Treena Rehkopf filed a putative class action "on behalf of all persons employed as Store Managers by Defendant [BLSI] in the state of California." (Pls.' Ex. O.) As in the present case, Rehkopf's claims are based on BLSI's misclassification of Store Managers as exempt employees and include the same claims, such as failure to pay overtime compensation, failure to timely furnish accurate wage statements, and failure to pay wages due upon termination. (*Id.*) Approximately three months later, on April 25, 2018, Rehkopf amended her complaint to add PNS as a defendant. (Pls.' Ex. P.)

Plaintiffs do not contest that the *Rehkopf* action involves "the same or similar factual allegations" as the present action. However, they argue *Rehkopf* is not a similar action since it "does not involve the same defendants[.]" (Pls.' Mot. at 25.) This argument is based on the unavailing assertion that BLSI is not a defendant in this action. As discussed, BLSI has been properly aligned as a defendant based on its successful intervention. *See, e.g.*, *Silas*, 2017 WL 3131057, at *4 (stating intervenor defendant became 'properly aligned' as a defendant when state court granted motion to intervene). Plaintiffs therefore do not fall within the local controversy exception.[5]

///
///

---

[5] In light of this ruling, the Court need not address Plaintiffs' argument that PNS cannot be considered a defendant in the *Rehkopf* action because it became a defendant after the present action was filed. The Court also need not determine whether the *Slusher* and *Aguayo* putative class actions against PNS and BLSI constitute similar class actions.

## 2. Home-State Controversy Exception

The home-state controversy exception provides that district courts shall decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). It is undisputed that at least two-thirds of the proposed class members are citizens of California. (*See also* Declaration of David Gallo in Opp'n to Mot. ("Gallo Decl.") ¶ 4 (explaining that 264 of the 270 class members are citizens of California)). The parties disagree, however, on whether BLSI constitutes a "primary defendant."

Here again, Plaintiffs contend BLSI cannot be a primary defendant "because it is not a defendant at all." (Pls.' Mot. at 19.)[6] As noted, case law supports the opposite finding. *See, e.g.*, *Silas*, 2017 WL 3131057, at *4; *Widjaja*, 2009 WL 3462040, at *8 ("Unless conditions have been imposed, the intervenor is treated as if the intervenor were an original party and has equal standing with the original parties.") (citations omitted); *Alvarado*, 997 F.2d 803 at 805 ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party.").

Next, Plaintiffs argue even if BLSI is a defendant, it does not meet the definition of a "primary defendant." The term "primary defendant" has "no clear, unambiguous meaning and is not an established term of art." *Kearns*, 2005 WL 3967998, at *7. It is not defined in the statute, and the Ninth Circuit has not addressed the meaning of this term. *Serrano*, 478 F.3d at 1024 (declining to address the meaning of "primary defendant").

---

[6] Plaintiffs appear to rely on *Villalpando*, 2012 WL 5464620, at *4, for the proposition that an intervenor cannot be a defendant. Plaintiffs' reliance is misplaced. There, the court declined to treat an entity as a defendant where that party was neither named in the complaint nor aligned as a defendant through intervention. *See* 2012 WL 5464620, at *4 ("Defendants have offered no evidence or authority suggesting that the Court may consider [the entity] as a Defendant[.]").

Considering the unique posture of this case, the Court construes "primary defendant" to mean any defendant that is potentially directly liable to plaintiffs.[7] *See Kearns*, 2005 WL 3967998, at *8; *see also Serrano v. 180 Connect, Inc.*, No. 06-1363, 2006 WL 2348888, at *2 (N.D. Cal. Aug. 11, 2006) (defining primary defendant as one who "either (1) is potentially directly liable for a primary portion of a potential settlement or damages or (2) played a main or principal role in the underlying dispute"), *overruled on other grounds*, 478 F.3d at 1018; *Corsino v. Perkins*, No. 09-9031, 2010 WL 317418, at *7 (C.D. Cal. Jan. 19, 2010) (collecting cases defining "primary defendants" as those "directly liable to the plaintiffs"); *Id.* ("[T]here seems to be a settled judicial understanding of 'primary defendants' as those parties having a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable.").

Here, Plaintiffs' claims for failure to pay overtime compensation, unfair competition, inaccurate itemized wage statements, and failure to pay wages after termination are all based on "Defendant, PNS's, operationally-standardized uniform policies and practice," which misclassified the class members as exempt employees. (TAC ¶¶ 10–13.) However, the superior court found it was BLSI, not PNS, that was "responsible for the policies and classification of plaintiff and the proposed class." (Defs.' Ex. O.) Though Plaintiffs emphasize this action is only against PNS, BLSI is the entity that "handles the labor allocation, human resources, payroll and asset protection" for PNS, "is responsible for recruiting Store Team Leaders like plaintiff," and "does all the marketing and advertising" for PNS. (*Id.*) Therefore, Plaintiffs' allegations and the superior court's findings establish that BLSI is potentially directly liable to the class. *See, e.g.*, *Kearns*, 2005 WL 3967998, at *8 (although

---

[7] Plaintiffs have provided several definitions of "primary defendants" from different courts. The Court does not find these definitions workable in the context of the present case, in which an intervenor has been properly aligned as a defendant.

Claremont Ford (a local dealer) was more involved in the certified pre-owned program and sales, Ford Motor Company was also "potentially directly liable to the plaintiff class" because it "was responsible for the program's design and creation, advertises and runs the program, and profits from each sale"). Accordingly, Plaintiffs have failed to demonstrate the home-state controversy exception applies.

**D.　28 U.S.C. § 1446(a)**

Plaintiffs also argue Defendants' failure to include certain pages of the state court file in its notice of removal violated 28 U.S.C. § 1446(a),[8] thus warranting remand. On January 25, 2019, Defendants filed a notice of errata correcting the errors in the state court file. (ECF No. 14.) Plaintiffs provide no authority to support its assertion that Defendants' error is grounds for remand. Rather, case law supports the opposite finding. *See Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.*, 707 F.3d 1136, 1142 (9th Cir. 2013) (holding that failure to attach certain state documents under 28 U.S.C. § 1446(a) is a "*de minimis* procedural defect" that is curable and does not warrant remand).

Additionally, Plaintiffs contend the Court should "render this action non-removable" because Defendants "failed to file a notice of removal in the Court of Appeal in which Plaintiffs' appeal is pending." (Pls.' Mot. at 27.) Plaintiffs do not dispute that Defendants did, in fact, file a notice of appeal but that it was delayed because of Plaintiffs' own default in the court of appeal. In any event, Plaintiffs fail to show, and the Court does not find, that this situation warrants remand.

**E.　Amount in Controversy**

A defendant's notice of removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*,

---

[8] Pursuant to Section 1446(a), "the defendant must make a declaration attesting to the validity of its legal and factual assertions," and "provide a 'statement of the grounds for removal, together with a copy of all process, pleadings, and orders served.'" *Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.*, 707 F.3d 1136, 1142 (9th Cir. 2013) (citing 28 U.S.C. § 1446(a)).

135 S. Ct. at 554. However, when a plaintiff contests the amount in controversy, the defendant must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional threshold of $ 5 million. *Id.* at 553–54; *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). Under the preponderance of evidence standard, the defendant must show that it is "more likely than not" the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Here, Defendants offer a declaration by William Boas ("Declarant"), a regional market team leader for the California Region of BLSI. (*See* Boas Decl. ¶ 1.) Declarant swears under penalty of perjury that, in his capacity as a regional market team leader, he reviewed company records kept in the ordinary course of business about the class members' dates of hire, compensation, hours scheduled, week and pay periods worked, and termination dates. (*Id.* ¶ 8.) Based on his review, Declarant provides the number of class members PNS employed during the relevant class period, the number of class members whose employment was terminated during the relevant class period, the number of pay periods worked by class members during the relevant class period, the number of hours class members were required to work weekly during the relevant class period, and the minimal salary paid to class members during the relevant class period, which exceed the jurisdictional threshold of $5 million. (*Id.* ¶¶ 10–17.)

Plaintiffs do not dispute the reasonableness of Defendants' calculations, and they have "neither acknowledged nor sought to establish that the class recovery is potentially any less." *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010). Instead, they appear to argue that a "single declaration" is insufficient evidence, and object to the declaration based on hearsay. But "declarations, or other 'summary-judgment-type evidence" may be used to establish the amount in controversy." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citations omitted). Plaintiffs also object to the declaration

based on lack of foundation, claiming Declarant has no personal knowledge. This claim is equally unavailing. *See, e.g.*, *Walker v. Apple, Inc.*, No. 15-1147, 2015 WL 12699871, at *5 (S.D. Cal. Sept. 16, 2015) (explaining declarant need not declare she has personal knowledge to the facts in the source lists, and finding that "simply declar[ing] that she compiled the data and ran a simple statistical analysis" was sufficient under Federal Rule of Evidence 602). Accordingly, the Court overrules Plaintiffs' objections and finds that Defendants have met the amount in controversy.

### F. PAGA Claims

Lastly, Plaintiffs contend even if the Court does not remand the class action claims, it must remand the PAGA claims. The Court disagrees. The Court has original jurisdiction over Plaintiffs' class claims under CAFA, and supplemental jurisdiction over Plaintiffs' PAGA claims under 28 U.S.C. § 1367(a).

Section 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiffs' PAGA claims are based on the same factual and legal theories as their class claims, which is why the superior court consolidated the two cases. (Defs.' Ex. K at 2.) Electing to sever and remand Plaintiffs' PAGA claims would go against the values of judicial economy, convenience, and fairness. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Moreover, contrary to Plaintiffs' argument, the principles of sovereignty do not require that the PAGA claims be remanded. *See, e.g.*, *Archila v. KFC U.S. Props.*, 420 F. App'x 667, 669 (9th Cir. 2011) ("[Plaintiff]'s arguments that a federal court's assumption of jurisdiction over a PAGA action violates California's rights under the Tenth and Eleventh Amendments therefore lack merit."); *see also Thompson v. Target Corporation*, No. 16-839, 2016 WL 4119937, at *12 (C.D. Cal. Aug. 2, 2016) ("Plaintiff's PAGA and class claims concern the same misconduct by Defendant and the PAGA claims are therefore

properly within the Court's supplemental jurisdiction."); *Vawter v. United Parcel Service, Inc.*, No. 18-1318, 2018 WL 4677583, at *1 (C.D. Cal. Sept. 26, 2018) (retaining supplemental jurisdiction over the PAGA claims even after striking related class claims). Therefore, the Court declines to remand Plaintiffs' PAGA claims.

## IV.
## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand.

**IT IS SO ORDERED.**

Dated: May 14, 2019

Hon. Dana M. Sabraw
United States District Judge