# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. WELLONS, C. ARRENDONDO, S. DAVIS, T. DEFOREEST, W. DUBA, S. HALL, G. KILGORE, N. LOPEZ, S. MEJIA, T. SELTZER, S. SHARMA, M. SIMS, J. SMITH, K. TOFT, C. TOLLIVER, M. VIRAMONTES, M. WALTERS, L. WARNER, D. WILLIAMS, and J. WRIGHT, individually, and on behalf of others similarly situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>PNS STORES, INC., a California corporation<br><br>                                        Defendant.<br><br>BIG LOTS STORES, INC., an Ohio Corporation<br><br>                                        Intervenor. | Case No.:  18-CV-2913 DMS (WVG)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL** |

Pending before the Court is Plaintiffs' motion to disqualify Defense counsel for acting beyond the scope of their pro hac vice admission by contacting former employees of corporate Defendants PNS Stores, Inc. ("PNS") and Big Lots Stores, Inc. ("BLSI") (collectively "Defendants"). The matter has been briefed and submitted. For the foregoing reasons, the motion is denied.

## I.

## BACKGROUND

This matter arises out of a putative class action. Plaintiffs allege wage and hour claims under California law against Defendant PNS. Defendants PNS and Intervenor BLSI are represented by two law firms: Haight, Brown & Bonesteel LLP ("Haight") and Vorys, Sater, Seymour and Pease LLP ("Vorys"). Vorys is an Ohio firm and its lawyers are not licensed to practice in California but have been admitted in this action pro hac vice. (ECF Nos. 6, 7, 8, 49, 57.) Vorys telephonically solicited a number of Defendants' former employees and offered to represent them in their capacities as non-party witnesses at their depositions. All of these non-party witnesses were subpoenaed to appear for deposition. In total, Vorys represented eight former employees,[1] and two current employees at their depositions.[2] Each non-party witness resides in California and gave deposition testimony

---

[1] Vorys telephoned and offered to represent five former employees, while two other former employees reached out to Vorys and requested representation. Five former employees testified that Vorys called them to offer representation: Michael Legro (Ex. F. to Mot. To Dis., ("Legro Dep.") 7:12–20), Marianne Buchanan (Ex. A to Mot. To Dis., ("Buchanan Dep.") 12:15–15:15), John Hanson (Ex. D to Mot. To Dis., ("Hanson Dep.") 10:23–12:22), Bret Gardner (Ex. B to Mot. To Dis. ("Gardner Dep.") 149:1–15, 150:14–151:25), and Thomas Moran (Ex. H to Mot. To Dis. ("Moran Dep."), 6:12–8:23). Mr. Legro and Ms. Buchanan noted they had contacted Defendant Big Lots to discuss their upcoming depositions, and Big Lots directed Vorys to contact them. (Legro Dep., at 7:5–11; Buchanan Dep. 14:22–15:21). Mr. Gardner declined representation. (Gardner Dep., at 151:2–10.)

[2] Vorys represented Wendy Maxwell and Chyanne Sequin in their depositions; both are currently employed by Defendants as store leaders. (*See* Ex. G to Mot. To Dis. ("Maxwell Dep."), at 9:7–9; Ex. I to *id.* ("Sequin Dep."), at 6:12–15.)

in California. (Mem. Of P. & A. in Sup. of P's Mot. To Disqualify ("Mot. To Dis.") at 7) (citing Gallo Decl. ¶ 4.)

Based on these facts, Plaintiffs contend Vorys should be disqualified from representing Defendants and any "non-party in this action who is a resident of California, and who testifies in California," and request this Court to "order the Vorys firm to refrain from offering representation to any California resident in relation to this action without first obtaining Court authority to do so[.]" (Mot. to Dis. at 5.) In the alternative, Plaintiffs request the Court revoke Vorys attorneys' pro hac vice admission in this action.[3] (*Id.*) Finally, Plaintiffs oppose the most recent pro hac vice application submitted by a Vorys attorney, Eric Leist.[4] (ECF No. 71, 72.)

## II.
## DISCUSSION

The scope of corporate representation and whether it includes representation of former employees of the corporation is nuanced and sometimes difficult to apply in practice. Spirited debate between adversaries (as here) is not uncommon when one side or another reaches out to a former employee in the midst of litigation. In this context, the use of general rules regarding pro hac vice admission and codes of conduct to disqualify counsel—as Plaintiffs attempt here—warrants caution. For reasons discussed below, the Court declines to disqualify counsel or revoke their pro hac vice status for the conduct at

---

[3] Plaintiffs also request the Court take judicial notice of the State Court's Final Ruling Regarding Plaintiff's Motion to Disqualify Counsel in the related State Court action. (ECF No. 78.) The Court may judicially notice facts that are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned," (Fed. R. Evid. 201(b)(2)), and accordingly takes judicial notice of the existence of this order.

[4] Plaintiffs filed an opposition to Mr. Leist's request to appear pro hac vice, and Defendants filed a reply. (*See* ECF No. 72, 73.) Because Plaintiffs' opposition is based on the arguments set forth in their motion to disqualify, Mr. Leist's request to appear pro hac vice will be addressed in this Order.

issue, particularly when it appears counsel were acting in good faith and Plaintiffs did not seek court intervention when the issue first arose.

The Court, of course, is "committed to the highest standards of professionalism and expects those standards to be observed by lawyers who practice before it." Civ. Local Rule 83.4(a). The Southern District has adopted "the standards of professional conduct required by members of the State Bar of California," Civ. Local Rule 83.4(b), and the standards of professional conduct set forth in the American Bar Association Model Rules of Professional Conduct ("ABA Model Rules"). *See In re Hubbard*, --- F. Supp. 2d. ---, 2013 WL 435945 at *4 (S.D. Cal. Feb. 4, 2013) (interpreting prior version of Civil Local Rule 83.4(b)).

California state law applies when deciding motions to disqualify. *See In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("Because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue.") "Under California law, the propriety of disqualification depends on the circumstances of the case in light of competing interests." *S.E.C. v. King Chuen Tang*, 831 F. Supp. 2d 1130, 1141 (N.D. Cal. 2011) (internal quotation marks and citations omitted). In making this determination, "[t]he court must weigh the combined effects of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires rigorous representation of parties by independent counsel unencumbered by conflicts of interest." *Id.* (citing *William H. Raley Co. v. Sup. Ct.*, 149 Cal. App. 3d 1042, 1048 (1983)).

"Disqualifying counsel for an ethical violation is a discretionary exercise of the Court's inherent powers." *Kohler v. Flava Enters., Inc.*, -- F. Supp. 2d. --, 2011 WL 2448338, at *2 (S.D. Cal. 2011) (citing *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996); *Crenshaw v. MONY*, 381 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004)). As such,

"[e]ven a violation of the California Rules of Professional Conduct does not automatically compel disqualification." *Crenshaw*, 318 F. Supp. 2d at 1020 (internal citations omitted). Moreover, motions to disqualify "should be subjected to particular judicial scrutiny," *id.* (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)), because "disqualification is a drastic and generally disfavored measure that should only be imposed when absolutely necessary." *Kohler*, 2011 WL 2448338, at *2. When weighing a motion to disqualify, the Court must prioritize "the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar." *Id.* (quoting *Crenshaw*, 318 F. Supp. 2d at 1020). Therefore, in deciding such a motion, the Court must consider whether "the attorney's conduct so taints the proceedings as to prejudice the parties." *Kohler*, 2011 WL 2448338, at *2.

Plaintiffs contend Vorys should be disqualified because (1) Vorys attorneys were only granted permission to represent Defendants, and have gone beyond the scope of their pro hac vice admission;[5] (2) Vorys solicited clients by telephone in violation of Rule 7.3(a) of the California Rules of Professional Conduct; and (3) Vorys has a conflict of interest with current employees who are among the group of aggrieved employees represented by Plaintiffs' Private Attorneys General Act ("PAGA") action against defendants.

A. <u>Pro Hac Vice Admission</u>

The term *pro hac vice* "usually refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." *Finder v. Leprino Foods Co.*, 2019 WL 6894468, at *3 (E.D. Cal. Dec. 18, 2019). Civil Local Rule 83.3(c)(1)(4) regulates pro hac vice admission in this district, permitting admission for "an attorney otherwise not eligible for admission under Civil Local Rule 83.3[], but who is a member in good standing of, and eligible to

---

[5] In the alternative, Plaintiffs request either Defendants' pro hac vice admissions be revoked or that the Court order Vorys' attorneys to refrain from representing non-party witnesses at depositions in California.

practice before, the bar of any United States court or the highest court of any state …, who is of good moral character, and who has been retained to appear in this court, and who adheres to this court's rules[.]"  The rule also provides for detailed instructions for an attorney's pro hac vice application, which is initially evaluated by the Clerk of Court before being approved by the assigned judge.  *See* Civ. Local Rule 83.3(c)(1)(4).

"Federal courts have long had authority to establish 'criteria for admitting lawyers to argue before them.'" *In re Bundy*, 840 F. 3d 1034, 1042 (9th Cir. 2016) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557 (2006)).  The district court has the power to deny or revoke an attorney's pro hac vice status—one "grounded within the court's inherent power 'to control admission to its bar and to discipline attorneys who appear before it.'" *Robles v. In the Name of Humanity, We REFUSE to Accept a Fascist America*, --- F. Supp. ---, 2018 WL 2329728 (N.D. Cal. May 23, 2018) (quoting *Lasar v. Ford Motor Co.*, 339 F 3d. 1101, 1118 (9th Cir. 2005)).  "Pro hac vice counsel, once admitted, are entitled to notice and an opportunity to respond before being disqualified and having their status revoked." *Cole v. U.S. Dist. Court for Dist. Of Idaho*, 366 F. 3d 813, 822 (9th Cir. 2004).  But "there is no fundamental right to appear pro hac vice." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), *aff'd*, 229 F.3d 126 (9th Cir. 2000) (internal citations omitted).

Plaintiffs contend Vorys went beyond the scope of its pro hac vice admission because their attorneys were admitted to represent only PNS and BLSI, not non-party witnesses.  (Mot. To Dis. At 5.)  In response, Defendants contend "[a]ttorneys who are admitted *pro hac vice* into a case are permitted to zealously represent their clients in the case, just as an attorney licensed in California would be permitted to do so in conducting that case." (Opp'n at 1.)  Thus, the parties dispute whether pro hac vice admission permits representation of only the particular client or clients designated on the application, or if it allows admission to practice as it relates to a particular case.

Vorys contends representation of former supervisors and managers of Defendants at their depositions properly extends from representation of their corporate client.  Vorys

18-CV-2913 DMS (WVG)

argues that because those former employees "when deposed about their official acts as supervisors and managers for that corporate entity" are "part of that corporate entity." (Opp'n at 2.) To that end, Vorys relies on *Upjohn Co. v. United States* for the proposition that "even lower management employees are essential to corporate defense," and as such, communications between those employees and corporate defense counsel are privileged. (Opp'n at 10) (citing *Upjohn*, 449 U.S. 383, 392 (1981), and *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361 (9th Cir. 1981) (extending *Upjohn*'s rationale to ex-employees)). Defendants also contend "representing non-party employee witnesses is a common practice and falls within the scope of proper representation of a corporate defendant." (Opp'n at 11.) Plaintiffs dispute Defendants' reliance on the aforementioned cases for they address the issue of attorney-client privilege rather than the scope of representation under pro hac vice admission. (Reply Br. 7.)

Plaintiffs focus on Vorys' pro hac vice applications, which specifically request admission to represent *Defendants*—not non-party witnesses. (*See* ECF No. 6 (listing PNS as "Party Represented), 8 (listing "Defendant"), 8 (listing "Defendant"), 33 (listing PNS and BLSI) 49 (listing PNS), 52 (listing PNS), and 57 (listing PNS).) The Court declines to read Vorys' admission status so narrowly. Counsel, admitted on a pro hac vice application, ought to be able to fully prosecute or defend the action in which they were admitted within the bounds of law. Here, Defendants set forth reasoned arguments to explain why Vorys believed it was able to properly represent these non-party witnesses at their depositions in this action. Plaintiffs dispute those arguments. The Court declines to resolve that dispute on the present motion. Those kinds of disagreements are better addressed by the magistrate judge when such disputes arise. The Court, therefore, will not disqualify Vorys from representing Defendants on the present record based on this ground.

For the same reasons, Plaintiffs oppose Mr. Leist's application to appear in this case pro hac vice. (*See* ECF No. 72.) "[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." *In re United States*, 791 F.3d 945,

957 (9th Cir. 2015). Mr. Leist's application to appear pro hac vice lists "Defendants" as the "party represented." (ECF No. 71.) The Court accepts counsel's request to appear pro hac vice consistent with the foregoing discussion.

B. California Rule of Professional Conduct 7.3(A)

"The district court has the duty and responsibility of supervising the attorneys who appear before it." *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996). "Every member of the bar of this court and any attorney permitted to practice in this court must be familiar with and comply with the standards of professional conduct required of members of the State Bar of California." Civ. Local Rule 83.4(b). "Where there exists (1) a clear violation of the professional rules of conduct, (2) which affects the public view of the judicial system or the integrity of the court, and (3) is serious enough to outweigh the parties' interest in counsel of their choice, a court may disqualify an attorney from representing a party." *Hernandez v. Best Buy Stores, L.P.*, --- F. Supp. 3d. ---, 2015 WL 7176352 (S.D. Cal. Nov. 13, 2015) (internal quotation marks and citations omitted).

Here, Plaintiffs contend Vorys violated California Rule of Professional Conduct 7.3(A) by calling six of Defendants' former employees and offering them representation at their depositions. California Rule of Professional Conduct 7.3(A) regulates solicitation of clients and provides in relevant part:

(a) A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment when a significant motive for doing so is the lawyer's pecuniary gain, unless the person* contacted:
(1) is a lawyer; or
(2) has a family, close personal, or prior professional relationship with the lawyer

Defendants contend this rule does not apply "when a former managerial employee has been subpoenaed for deposition in litigation." (Opp'n at 13.) Defendants cite *Hernandez v. Best Buy Stores, L.P.* in support, noting "[a] solicitation to a former or present client in the discharge of a member's or law firm's professional duties is not prohibited." 2015 WL 7176252, at *7 (quoting California Rules of Professional Conduct Rule 1–

400(C)). Defendants contend they had a "preexisting professional relationship with the employees in question" because they are all management-level employees, (Opp'n at 13), and are therefore exempt from California's prohibition on telephonic solicitation. *See* Rule 7.3(a)(2). In response, Plaintiffs contend this "claim is unsupported by any evidence," and it is "misconduct to directly solicit … employment." (Reply Br. at 13) (quoting *Hernandez*, 2015 WL 7176352, at *7 (internal quotation marks omitted)). Nevertheless, it is uncontested that these former management-level employees worked for BLSI and were being deposed as a result of that employment relationship. Indeed, two of the former employees first reached out to BLSI about representation, and BLSI then asked Vorys attorneys to contact them. (*See* Legro Dep. 7:5–11; Buchanan Dep. 14:22–15:21.)

Moreover, even if Vorys attorneys lacked a prior personal relationship with these former employees, they did not violate Rule 7.3(a) because they did not solicit for pecuniary gain. Counsel contend they represented current and former managers at depositions "as part of defense counsels' representation of Defendants," not in addition to it, and they are not seeking additional compensation from those employees for that representation. (Opp'n at 14) (citing Ex. 2 to Opp'n, "Knueve Decl." ¶ 8.) In response, Plaintiffs contend "[u]nless the Vorys firm is working without any compensation from anyone, the representation is for pecuniary gain." (Reply Br. at 14.) The Court disagrees. Because Vorys attorneys did not solicit the former employees for pecuniary gain, but rather as part of their pre-existing representation of Defendants, they did not violate Rule 7.3(a). Accordingly, Plaintiffs' motion to disqualify is denied on this claim.

C. Conflict of Interest Between Defendants and Management-Level Employees

Under Rule 1.7(a) of the California Rules of Professional Conduct, "[a] lawyer shall not, without informed written consent from each client … represent a client if the representation is directly adverse to another client in the same or a separate matter." Plaintiffs contend there is an ethical conflict of interest because Vorys represents Defendants and it represented two of their current management-level employees in their depositions—employees who stand to benefit from Plaintiffs' sixth claim for relief under

PAGA.6 (Mot. To Dis. at 20.) In response, Defendants contend the two management-level current employees represented by Vorys in depositions "have no claim to PAGA penalties, and there is no conflict of interest." (Opp'n at 15.)

The Private Attorneys General Act of 2004 ("PAGA), Labor Code §§ 2698, *et seq.* "authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014). "A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief." *Id.* at 1124; *see also Medina v. Poel*, 523 B.R. 820, 826–27 (E.D. Cal. 2015) ("The California Supreme Court has made it clear that PAGA does not create property rights or any other substantive rights for private parties"). As such, "[t]he private plaintiff has no claim to these statutory penalties; they are the property of the state." *Medina*, 523 B.R at 827 (internal citations and quotation marks omitted).

Plaintiffs contend there is a conflict of interest because "the cohort of aggrieved employees, including Ms. Sequin and Ms. Maxwell, have a pecuniary interest in the outcome of this litigation," and further, these two employees could not have "waived the conflict because they were not aware of the PAGA claim or their interest therein." (Reply Br. at 9.) Defendants disagree, relying on *Ochoa-Hernandez v. CJADERS Foods, Inc.*, where the court rejected plaintiff's argument that defendant's communications with its current and former employees were impermissible ex parte contacts because a PAGA claim was brought on their behalf. (Opp'n at 15) (citing *Ochoa-Hernandez v. CJADERS Foods, Inc.*, --- F. Supp. 2d ---, 2010 WL 1340777, at *3 (N.D. Cal. Apr. 2, 2010)). There, the court found plaintiff's argument failed to address that "PAGA is fundamentally a law enforcement action designed to protect the public." *Id.* A PAGA claim is brought on behalf of the State, not individual employees. As such, Ms. Sequin and Ms. Maxwell are

---

6 Plaintiffs' PAGA claim is that Store Leaders are misclassified as exempt. Therefore, the claim applies to both Ms. Sequin and Ms. Maxwell.

not "directly adverse" to BLSI in this matter.  There is no conflict of interest between these employees and BLSI.  Therefore, the Court denies Plaintiffs' motion on this claim.

### III.
### CONCLUSION AND ORDER

For these reasons, Plaintiffs' motion to disqualify counsel is denied.

**IT IS SO ORDERED.**

Dated:  May 11, 2020

Hon. Dana M. Sabraw
United States District Judge