UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. WELLONS, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PNS STORES, INC. et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-CV-2913 TWR (DEB)<br><br>**ORDER (1)** *SUA SPONTE* **REMANDING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION; AND**<br>**(2) DISMISSING ALL REMAINING PENDING MOTIONS WITHOUT PREJUDICE**<br><br>(ECF Nos. 117–39, 141, 142, 144) |

　　　Presently before the Court are Defendants' Motions to Sever (ECF No. 117), for Summary Judgement (ECF Nos. 118–138), and for Attorney Fees (ECF No. 139) and Plaintiffs' *Ex Parte* Applications for Leave to Re-allocate Page Limitations in Oppositions to Motions for Summary Judgment (ECF No. 141), to Confirm Subject Matter Jurisdiction ("Mot. to Confirm," ECF No. 142), and to Continue the Hearing on Defendants' Motions for Summary Judgment (ECF No. 144) (together, the "Remaining Pending Motions"). For the reasons set forth below, the Court *sua sponte* **REMANDS** this action for lack of subject-matter jurisdiction and **DISMISSES WITHOUT PREJUDICE** all Remaining Pending Motions.

/ / /

**BACKGROUND**

On December 31, 2018, Defendants removed this action to this Court under the Class Action Fairness Act ("CAFA"). (*See* ECF No. 1.) On January 14, 2019, Plaintiffs filed a motion to remand. (*See* ECF No. 12.) On May 14, 2019, the Honorable Dana M. Sabraw denied Plaintiffs' motion, finding that the Court had original jurisdiction over Plaintiffs' class action claims under CAFA and supplemental jurisdiction over Plaintiffs' state law California Private Attorney General Act ("PAGA") claims. (*See* ECF No. 23.)

On May 15, 2019, Plaintiffs sought to voluntarily dismiss their class action claims, electing to pursue only their individual PAGA claims. (*See* ECF No. 24.) On May 31, 2019, Defendants filed a statement of non-opposition, (*see* ECF No. 27), and Judge Sabraw granted Plaintiffs' request on June 10, 2019. (*See* ECF No. 28.)

On October 8, 2020, Plaintiffs filed the instant Motion to Confirm, (*see* ECF No. 142), to which Defendants filed a Response in Opposition (*see* ECF No. 143 ("Opp'n")).

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Lack of subject-matter jurisdiction can be raised at any time by any party or *sua sponte* by the court. *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982). Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But even when "judicial power exists under § 1367(a), retention of

supplemental jurisdiction over state law claims under 1367(c) is discretionary," *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), and a "district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Hodge v. Mountain States Tel. & Tel. Co.*, 555 F.2d 254, 261 (9th Cir. 1977) ("[W]hen a district court dismisses all federal claims prior to trial, it should not retain jurisdiction over pendent state claims.").

Once every claim over which the court has original jurisdiction has been dismissed, retention of supplemental jurisdiction over the remaining state law claims under Section 1367(c) is discretionary. *Acri*, 114 F.3d at 1000. The district court's decision on whether to exercise supplemental jurisdiction over the remaining state claims is informed by the weighing of the following factors: judicial economy, convenience, fairness, and comity. *See Bryant v. Adventist Health System/W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

## ANALYSIS

Without mentioning the dismissal of their jurisdiction-creating CAFA claims, "Plaintiffs respectfully request that this Court consider whether it deems it appropriate to conduct an, '. . . independent . . . determin[ation] whether subject-matter jurisdiction exists['] . . . , prior to proceeding further with the exercise of jurisdiction over the present controversy." (Mot. to Confirm at 4.) Defendants respond that Plaintiffs' dismissal of their CAFA claims "does not divest this Court of subject matter jurisdiction; it is axiomatic that subject matter jurisdiction is assessed as of the time of removal, and subsequent events do not divest the Court of subject matter jurisdiction." (Opp'n at 2.)

While Defendants are correct that jurisdiction is assessed at the time of removal, the Court retains discretion as to whether to continue to exercise jurisdiction when no federal claims remain. *Carnegie-Mellon Univ.*, 484 U.S. at 351–52. Upon review of the *Carnegie-*

*Mellon* factors, the Court concludes that remand is appropriate here.  First, considerations of comity weigh in favor of remanding to state court.  Plaintiffs voluntarily dismissed the only claims over which the Court had original subject-matter jurisdiction—the CAFA claims—at an early stage in the litigation.  (*See* ECF Nos. 24, 28.)  Proceeding with only state law claims in federal court will not serve a federal interest in the absence of complete diversity between the parties; rather, allowing a state court to adjudicate the remaining state law claims would better serve the interest of comity because "PAGA is a purely state law creature, and the primary responsibility for developing and applying state law rests with the California courts."  *Echevarria v. Aerotek, Inc*., No. 16-CV-04041-BLF, 2019 WL 2503377, at *5 (N.D. Cal. Jun. 17, 2019) (quoting S*akkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015)).

Judicial economy and convenience also weigh in favor of remand.  To date, the Court has not considered the merits of Plaintiffs' PAGA claims and, therefore, no economy will be lost by remanding the claims.  There has been little substantive motion practice to date and, although several motions for summary judgment have been filed by the Defendants, (*see* ECF Nos. 118–38), Plaintiffs have not yet filed oppositions, and those motions can be refiled, briefed, and argued in state court.  Further, no trial date has been set.  Accordingly, the Court's continued adjudication of the PAGA claims would not serve judicial efficiency or economy and remand is proper.  *See Nevarez v. Costco Wholesale Corp*., No. 2:19-CV-03454-SVW-SK, 2020 WL 1139810, at *2 (C.D. Cal. Mar. 9, 2020) (declining to exercise supplemental jurisdiction of the PAGA claims after dismissal of the non-PAGA claims over which the Court had original jurisdiction and holding that the continued adjudication of the PAGA claims would not serve judicial efficiency or economy because, among other things, the court had not yet examined the merits of the PAGA claims).

Lastly, fairness does not weigh in favor of exercising jurisdiction as the state court will provide an equally fair adjudication of the Plaintiffs' remaining PAGA claims.

Because all of the *Carnegie-Mellon* factors weigh against the continued exercise of supplemental jurisdiction over Plaintiffs' PAGA claims, the Court concludes that remand

under 28 U.S.C. § 1367(c)(3) is appropriate. *Echevarria*, 2019 WL 2503377, at *6 (declining, under its discretion, to exercise supplemental jurisdiction over the PAGA claim after the class claims over which it had original jurisdiction had been dismissed).

## CONCLUSION

In light of the foregoing, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' sole remaining claims, which arise under state law, pursuant to 28 U.S.C. § 1367(c)(3). The Court therefore *sua sponte* **REMANDS** this action to the Superior Court of the State of California, County of San Diego, and **DISMISSES WITHOUT PREJUDICE** all Remaining Pending Motions (ECF Nos. 117–39, 141, 144).

**IT IS SO ORDERED.**

Dated:  October 22, 2020

_____
Honorable Todd W. Robinson
United States District Court