UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. WELLONS, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PNS STORES, INC. et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-cv-02913-TWR-DEB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>**[DKT. NO. 139]** |

**I.　　INTRODUCTION**

Before the Court is Defendants' Motion for Attorneys' Fees Under Rules 37(c)(2) and 26(g)(3). Dkt. No. 139. Defendants seek fees resulting from Plaintiffs' initial denial of Defendants' Request for Admission ("RFA") No. 4. Dkt. No. 139. Plaintiffs oppose, contending their initial denial was justified. Dkt. No. 227. Defendants filed a Reply. Dkt. No. 236.

Having reviewed the parties' pleadings and supporting evidence, and for the reasons set forth below, the Court DENIES Defendants' Motion.

//
//
//
//

## II.     RELEVANT BACKGROUND

Defendants' RFA No. 4 states, "[a]dmit that you customarily and regularly exercised discretion and independent judgment while you were employed by PNS Stores, Inc." Dkt. Nos. 139-2; 227 at 7–8, 28–29.[1]

On September 16, 2019, Plaintiffs responded as follows:

> This Request is susceptible of two meanings. The first is the colloquial meaning, and the second is a legal term of art which correlates to the element for the executive exemption found at Section 1(A)(1)(d) of Wage Order No. 7.
>
> **Colloquial meaning**: ADMITTED. "In one sense almost every employee is required to use some discretion and independent judgment." (Former 12 C.F.R. § 541.207(d), incorporated into California law as of the date of adoption of the Wage Orders.)
>
> **Legal Term of Art meaning**: DENIED. *See, In re United Parcel Service Wage and Hour Cases* (2010) 190 Cal.App.4th 1001, 1024, and n.11, applying the former 29 C.F.R. § 541.207 to California's executive exemption. It is a disputed question of law whether the matters over which Plaintiffs exercised discretion and independent judgment qualified as "matters of significance" at all times, or during any particular workweek. California courts have repeatedly held that exempt / non-exempt status may vary from workweek to workweek. *See, Dunbar v. Albertson's*, Inc. (2006) 141 Cal.App.4th 1422, 1426-1427 (executive exemption case). *See also, Batze v. Safeway, Inc.* (2017) 10 Cal.App.5th 440, 478-479 (executive exemption case). ("[T]he significant period for determining exempt status is the workweek . . .") *See also, Peabody v. Time Warner Cable, Inc.* (2014) 59 Cal.4th 662, 670. ("Compliance with the requirements of the exemption is determined on a workweek basis." [Commissioned employee exemption case.]) *Cf.: Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 948 (9th Cir. 2011).

*Id.*

---

[1]     When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

On August 25, 2020, Plaintiffs amended their response to RFA No. 4: "ADMITTED." Dkt. No. 139-7 at 2.

On September 30, 2020, Defendants filed the instant Motion seeking an award of $30,753 in attorneys' fees associated with unnecessarily having to prove Plaintiffs were "customarily and regularly exercised discretion and independent judgment while . . . employed by PNS Stores, Inc." Dkt. No. 139 at 10, 16.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(2) states:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Moreover, every discovery response must be signed by an attorney "certify[ing] that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the response is consistent with federal rules, "not interposed for any improper purpose," and "neither unreasonable nor unduly burdensome or expensive." Fed. R. Civ. P. 26(g)(1). "If a certification violates this rule without substantial justification" the court must impose an appropriate sanction, which may include "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3); *see also Or. RSA No. 6 v. Castle Rock Cellular of Or. Ltd. P'ship*, 76 F.3d 1003, 1007 (9th Cir. 1996) ("Under Federal Rule of Civil Procedure 26(g), the district court may sanction either the parties or their attorneys at its discretion. We use an objective standard to determine

whether a party or attorney has responded or objected to a discovery request for an improper purpose.") (internal citations omitted).

## IV. DISCUSSION

Defendants argue they are entitled to attorneys' fees because "Plaintiffs, without justification," denied RFA No. 4 when they were "on notice that their responses were incorrect." Dkt. No. 139 at 6, 8.

In opposition, Plaintiffs contend: (1) "Defendants didn't prove anything"; (2) "Plaintiffs had a reasonable ground to believe they might prevail on the matter"; and (3) "there was other good reason for the failure to admit." Dkt. No. 227 at 5. Specifically, Plaintiffs' counsel declares, "[t]he decision in the *Merrill* Appeal is the entire basis for the timing of the amended responses to requests for admissions." Dkt. No. 227-1 ¶ 5.[2]

Based on Plaintiffs' counsel's sworn declaration and the *Merrill* Appeal decision, which coincides with the timing of Plaintiffs' amended response, the Court finds Plaintiffs had a reasonable basis for their initial denial. *See First Nat. Mortg. Co. v. Fed. Realty Inv. Tr.*, No. 03-cv-2013-RMW, 2009 WL 2915145, at *1 (N.D. Cal. Sept. 8, 2009) (finding defendant "had a reasonable basis" for denying requests where defendant was contesting the issue on appeal), *aff'd* 631 F.3d 1058 (9th Cir. 2011); *accord Securiforce Int'l Am., LLC v. United States*, 127 Fed. Cl. 386, 407 (2016) ("Although a party seeking sanctions [under Rule 37(c)(2)] may not always be required to show bad faith by the other

---

[2] On November 19, 2018, after receiving an unfavorable jury verdict in, *Merrill, et al. v. Party City Corporation*, No. CGC-14-538972 (Super. Ct. of Cal. Cty. of San Francisco), Plaintiffs' counsel filed an appeal brief (No. A152838, Ct. App. Of Cal. 1st App. Dist. Div. 3). Dkt. No. 227 at 33 ("*Merrill* Appeal"). On appeal, counsel argued "*Nordquist* requires that the discretion and independent judgment must have, '. . . a substantial effect on the whole business.'" *Id.* at 41. Plaintiffs' counsel contends he "reasonably believed it likely that the *Merrill* Panel would issue a published decision" reinterpreting the executive exemption requirement for employers. *Id.* at 12. On August 25, 2020, the California Court of Appeal rejected that argument and found "no basis to conclude that managerial responsibilities must have a substantial effect on an entire business." *Id.* at 46.

party, sanctions are punitive in nature and intended to reprove a party for engaging in bad behavior during discovery"), *aff'd*, 879 F.3d 1354 (Fed. Cir. 2018). The Court, therefore, finds no basis to impose sanctions under Rule 37(c)(2).

For these same reasons, and crediting Plaintiffs' counsel's representation that the "initial responses were not interposed for any improper purpose, such to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Dkt. No. 227-1, ¶ 6, the Court finds no violation of Rule 26(g)(3).

### V.   CONCLUSION

Based on the foregoing, Defendants' Motion for Attorneys' Fees is DENIED.

**IT IS SO ORDERED**.

Dated:  November 1, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge