1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| S. WELLONS, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PNS STORES, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  18-CV-02913-RSH-DEB<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF PAGA SETTLEMENT**<br><br>**[ECF Nos. 296, 307, 321]** |
|---|---|

On February 16, 2023, Plaintiffs filed a motion for approval of the settlement of their claims under the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq*. ECF No. 307. Defendants join Plaintiffs' motion, submitting that the proposed PAGA settlement is fair, adequate, and reasonable. ECF No. 309. The Parties' negotiated settlement agreement and general release of Plaintiffs' PAGA claims (hereinafter, the "Settlement") states that Defendant Big Lots Stores, LLC will pay $3,000 to resolve the PAGA claims. ECF No. 307-5 at 1. Of this amount, $2,250 will be paid to the Labor and Workforce Development Agency (the "LWDA") and the remaining $750 will be allocated in equal shares of $68.18 to Plaintiffs Samye Davis, William Duba, Garrick Kilgore, Saul Mejia, Tina Seltzer, Satya Sharma, Jacqueline Smith, Michael Walters, Sean Wellons,

David Williams, and John Wright (collectively, the "PAGA Plaintiffs"). *Id.* at 2. As set forth below, the Court grants the motion and approves the proposed Settlement.

## I. ANALYSIS

In 2003, the California legislature enacted PAGA, reasoning that

> adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts.

*Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009). A plaintiff bringing a PAGA claim thus "does so as a proxy or agent of the state's labor law enforcement agencies." *Id.* at 986. "Because the 'plaintiff represents the same legal right and interest as state law enforcement agencies'" in a PAGA action, a judgment "binds not only that employee but also the state labor law enforcement agencies" and nonparty employees. *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (quoting *Arias*, 46 Cal. 4th at 986).

"When a PAGA claim settles, courts are tasked with approving the settlement agreement but only after determining whether the relief provided is genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public." *Aronson v. Gannett Co.*, No. CV 19-996 PSG (JEMX), 2023 WL 2025706, at *3 (C.D. Cal. Feb. 15, 2023) (citing *O'Connor*, 201 F. Supp. 3d at 1133) (internal quotation marks omitted). Approval therefore requires finding that the settlement agreement (1) meets the statutory requirements of PAGA and (2) is fundamentally fair, reasonable, and adequate in view of PAGA's public policy goals. *Id.* (citing *Chamberlain v. Baker Hughes, a GE Co.*, LLC, No. 119CV00831DADJLT, 2020 WL 4350207, at *4 (E.D. Cal. July 29, 2020)).

First, the proposed settlement complies with the statutory requirements of PAGA. Under PAGA, "75 percent of the civil penalties recovered by aggrieved employees must be allocated to the LWDA and 25 percent allocated to aggrieved employees." Cal. Lab.

1    Code § 2699(i). Here, the parties have agreed $2,250 will be paid to the LWDA and the
2    remaining $750 will be allocated to the PAGA Plaintiffs. ECF No. 307-5 at 2. These
3    amounts equal 75 percent and 25 percent, respectively, of the total $3,000 that Defendants
4    have agreed to pay. *See* ECF No. 307-1 at 3.

5         Second, the Court turns to the fairness of the proposed settlement. In making this
6    assessment, "[t]he court may consider factors such as the merits of the action, the maximum
7    recovery the plaintiff could obtain if the merits were decided in his favor, and 'how and
8    why [the] parties arrived at the settlement amount.'" *Aronson*, 2023 WL 2025706, at *4
9    (quoting *Hollis v. Weatherford US LP*, No. 1:16-CV-00252 - JLT, 2017 WL 131994, at *2
10   (E.D. Cal. Jan. 12, 2017)). In this case, the Court's November 10, 2022 Order on
11   Defendants' motion for summary judgment significantly restricted the scope of the PAGA
12   claims, limiting the aggrieved employees to 11 of the 19 Plaintiffs who concluded their
13   employment with Defendants after January 22, 2017. ECF No. 293 at 57. Plaintiffs point
14   out that the given applicable statutory penalties under California Labor Code § 558(a), the
15   one-year statute of limitations, and the number of pay periods at issue, the award per
16   plaintiff—if successful at a jury trial—could not exceed $2,600. ECF No. 307-1 at 5–6.
17   Some of the plaintiffs were employed for less than the full one-year period within the
18   statute of limitations, and so would be able to recover even less. *Id.* This maximum possible
19   recovery, following a jury trial, favors the reasonableness the Settlement.

20        Additionally, the Parties here reached the Settlement over four years after this
21   lawsuit was filed, well after discovery was concluded, and shortly before the scheduled
22   trial. Each of the aggrieved employees is a signatory to the proposed Settlement, which
23   does not purport to bind nonparty employees. *See* ECF No. 307-5 at 3–15. These
24   circumstances indicate that all Parties were fully informed and had sufficient information
25   to assess the merits of their case and decide whether to proceed to trial. Additionally, the
26   case settled only with the intensive efforts of the assigned U.S. Magistrate Judge acting as
27   a mediator. *See* ECF No. 307-1 at 4; *see also Satchell v. Fed. Express Corp.*, No. C03-2878
28

SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

Finally, the Parties have submitted the proposed Settlement to the LWDA, providing the LWDA with a date for submitting a notice of opposition to this Court. *See* ECF No. 307-1 at 4–5; ECF No. 307-7 (Notice to LWDA). The LWDA has not filed an opposition.

Considering the foregoing factors, the Court concludes that the proposed Settlement is fundamentally fair, reasonable, and adequate in view of PAGA's public policy goals.

## II.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion (ECF No. 307). The proposed PAGA Settlement is hereby **APPROVED**. Further, the Court **DENIES** as moot Plaintiffs' *ex parte* motion for a status conference regarding approval of the Settlement (ECF No. 321) and Defendants' motion to sever (ECF No. 296).

**IT IS SO ORDERED**.

Dated:  May 26, 2023

*[signature]*
Hon. Robert S. Huie
United States District Judge